*In re* LIVINGSTON.

(*Supreme Court, General Term, First Department.* January 28, 1889.)

1. MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—RATIFICATION OF EXPENDITURES.
    Laws N. Y. 1880, c. 565, making it the duty of the commissioner of public works to complete all work relating to the Morningside park, and to transmit to the board of assessors, on the completion of the work or any portion, a certificate of the amount theretofore expended, together with the expenditures thereafter incurred under that act, and declaring that the assessment should be pursuant to the laws for assessments for local improvements, is a ratification of the amount previously ex pended.

2. SAME—REDUCTION OF ASSESSMENT—COST OF WORK.
    The commissioner had power to do the work without contract, and to do it by days' work, under Laws N. Y. 1867, c. 697; 1868, c. 288; 1870, c. 137; 1872, c. 872; and 1873, c. 335, and the power was continued by the charter of 1873, which exempted such work from its operation, and an assessment therefor cannot be reduced to the extent that the actual cost of that part of the work which was done by days' work exceeded its fair value, as that method of doing the work is neither fraud nor substantial error.

Appeal from special term, New York county.

Motion by Johnston Livingston to vacate or reduce an assessment. Motion denied, and Livingston appeals.

Argued before VAN BRUNT, P. J., and BRADY and MACOMBER, JJ.

*J. A. Deering*, for appellant. *G. L. Sterling*, for respondent.

BRADY, J. The petitioner sought in this proceeding to have the assessment upon his lots reduced to the extent or in the proportion that the actual cost of that part of the work involved which was performed by days' work exceeded its

fair value. The right to such relief does not appear to have been questioned in the court below, if the facts warranted the court in granting it. The learned justice was of the opinion that the evidence did not establish that the fair cost of the work was less than the amount imposed upon the property owners, and consequently that there was no basis for any reduction. He was further of the opinion that chapter 565 of the Laws of 1880 was a legislative ratification of the amount expended upon the work prior to the passage of the act. It appears that the total amount of the assessment was $386,945.89, of which amount $300,462.67 were assessed upon the city, and the balance, namely, $66,483.22, on the property owners. It was for this reason, doubtless, that the learned justice in the court below expressed the conviction that the evidence did not establish that the fair cost of the work was less than the amount imposed upon the property owners; and, although it must be said that there are some details at least suggesting it, the contrary is not established as clearly as it should be in a proceeding of this character. But even if it were, the appellant is not entitled to relief for two reasons, the first of which is that suggested by the court below in reference to the act of 1880. There does not seem to be any room to question the propriety of his view on that subject. It was by that act made the duty of the commissioner of public works to proceed to completion with all the work with reference to the Morningside park, and by section 2 it became his duty to transmit to the board of assessors, upon the completion of the work, or any portion thereof, as the commissioner might deem advisable, a certificate of the amount theretofore expended on said work, together with the expenditures thereafter incurred by him under the provisions of that act, and it was declared that the proceedings for laying and completing the assessment for the work so certified should be pursuant to the laws then or thereafter in force for laying and collecting assessments for local improvements in this city. This seems to be a clear recognition of expenditures made, and a direction that the amount thereof should be returned to the assessors in order that provision might be made for its payment. There does not appear to be any escape from the effect of this provision of the statute. And further, it seems that when the improvement to which the assessment relates was commenced, the commissioner had authority to do the work without contract, and that that authority was continued by the charter of 1873, for the reason that it was made exempt from its operation. A careful examination of chapter 697 of the Laws of 1867, chapter 288, of the Laws of 1868, chapter 137 of the Laws of 1870, chapter 872 of the Laws of 1872, and chapter 335 of the Laws of 1873, leads to the conclusion that the power of doing the work by what is called "days' work" existed, and for that reason, if for no other, the relief could not be granted, inasmuch as the mode of procedure was authorized, and it could not be therefore regarded either as a fraud or as a substantial error; and the provision in the act of 1880 in reference to expenditures theretofore made was doubtless predicated of the existence of those acts and the authority conferred and continued by them. The order should be affirmed, with $10 costs and disbursements. All concur.